UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JAMES WOODMANSEE,                     :
        Plaintiff,              :
                                :
v.                                    :
                                :       No. 3:04cv1896(WWE)
OFFICER PATRICK MICKENS #37,          :
individually and in his               :
official capacity; OFFICER            :
RYAN KELSEY, individually and         :
in his official capacity,             :
        Defendants.             :

## RULING ON DEFENDANTS' SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT

This is a civil rights action brought by plaintiff James Woodmansee who was arrested by city of Norwich Police Officers Patrick Mickens and Ryan Kelsey. In filing his complaint, plaintiff brought a variety of claims pursuant to the Fourth, Fifth, Sixth, Fourteenth and First Amendment and state law claims of recklessness, assault and battery, negligence, and intentional and negligent infliction of emotional distress.

Defendants filed a motion for summary judgment on all claims except for those claims of excessive force, assault and battery, and intentional infliction of emotional distress. The Court granted summary judgment on plaintiff's claims of false arrest, supervisory liability and failure to train pursuant to Fourth Amendment, and on plaintiff's Sixth, First, and Fifth Amendment violations. The Court denied with prejudice summary judgment on plaintiff's claim of recklessness, and denied without prejudice summary judgment on plaintiff's claims of negligence and negligent infliction of emotional

1

distress. The Court requested supplemental briefing on the question of governmental immunity as applied to plaintiff's claims of negligence and negligent infliction of emotional distress.

## Background

The Court assumes familiarity with the factual background of this case. However, the Court recites the following facts deemed to be undisputed that are relevant to this consideration.

After Officer Mickens believed that probable cause existed, he informed plaintiff that he was under arrest for disorderly conduct during the domestic dispute with his wife at her apartment.

Officers Mickens and Kelsey then each took of one of plaintiff's arms. However, plaintiff broke free of the officers' grasp. Plaintiff pushed backwards away from the officers and backed into and broke a porch window.

Plaintiff then moved forward and grabbed onto the handle of Officer Kelsey's holstered firearm and began tugging on the gun. Officer Kelsey placed his hands onto his gun and onto plaintiff's hands to prevent plaintiff from gaining control of the gun. During this struggle, Officer Kelsey and plaintiff fell to the porch floor.

The officers verbally commanded plaintiff to cease his aggressive conduct towards the officers. After plaintiff ignored these commands, Officer Mickens determined that the situation required use of his ASP-baton to gain control over plaintiff. He struck plaintiff in the thigh with his baton. Plaintiff then released his grasp on Officer Kelsey's gun but continued to struggle with Officer Kelsey.

Officer Mickens administered baton strikes to plaintiff's legs. Plaintiff, while lying

2

on his back, punched and kicked the officers.

The officers instructed plaintiff to stop resisting arrest and to roll onto his stomach so that they could handcuff him. When plaintiff continued swinging and kicking at them, the two officers administered more baton strikes. Plaintiff then rolled over onto his stomach and allowed himself to be handcuffed.

The officers transported plaintiff to the police station for processing. They had no further contact with plaintiff after transport.

## DISCUSSION

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. American International Group, Inc. v. London American International Corp., 664 F. 2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F. 2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. American International Group, Inc. v. London American International Corp., 664 F. 2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw

3

all reasonable inferences against the moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

If a nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, then summary judgment is appropriate.  Celotex Corp., 477 U.S. at 323.  If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met.  Anderson, 477 U.S. at 249.

### Counts Eight and Nine:  Negligence and Negligent Infliction of Emotional Distress

Plaintiff's negligence claims are based upon defendants Kelsey and Mickens' alleged failure to prevent one another from using unreasonable or excessive force. Defendants assert governmental immunity, arguing that the undisputed facts of this case do not give rise to the imminent harm exception to such immunity.

A municipal employee enjoys qualified immunity from tort liability based on unintentional conduct related to the performance of governmental or discretionary acts. See Elliot v. City of Waterbury, 245 Conn. 385, 411 (1998).  "The hallmark of a discretionary act is that it requires the exercise of judgment."  Lombard v. Edward J. Peters, Jr. P.C., 252 Conn. 623, 628 (2000).  The manner in which a police officer makes an arrest, including when to use force, is a discretionary act.  See Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 180-181 (1988) (policing community and investigating those who break the law is discretionary function); see also Galindez v. Miller, 285 F.Supp.2d 190, 195 (D.Conn. 2003) (determination of what level of force to use under the circumstances "appears to fit" within framework of police discretion).

Such immunity does not apply where the conduct subjects an identifiable person to imminent harm. Bonamico v. City of Middletown, 47 Conn.App.758, 761 (1998). An imminent harm is limited in duration and the potential for harm must be significant and foreseeable. Purzycki v. Fairfield, 244 Conn. 101, 110 (1998).

The determination of whether such qualified immunity applies is generally a question of law unless there exists unresolved material issues of fact that are properly left to a jury's determination. Mulligan v. Rioux, 229 Conn. 716, 727 (1994).

Defendants argue that their conduct cannot be construed as a "negligent failure to act." In the instant case, the jury must resolve disputed issues of fact as to whether each defendant's conduct constitutes excessive force, assault and battery, and recklessness. If excessive force were found to exist, it would be possible for a reasonable jury to find that a defendant failed to prevent plaintiff from being subjected to an imminent harm. In light of the outstanding disputed issues of fact, the Court will deny the supplemental motion for summary judgment.

## CONCLUSION

For the foregoing reasons, the supplemental motion for summary judgment is DENIED. The plaintiff is instructed to file an amended complaint consistent with this Court's rulings on summary judgment within 10 days of this ruling's filing date.

_____/s/_____
Warren W. Eginton, Senior U.S. District Judge

Dated this \_\_30th\_\_\_ day of May 2007 at Bridgeport, Connecticut.